USDS SDNY
DOCUMENT
ELECTRO...
DOC #:
DATE FIL: 11-8-10

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DAVID COHEN et al.,                 :
                                    :   09 Civ. 6709 (VM)
                    Plaintiffs,     :
                                    :   DECISION AND ORDER
    - against -                     :
                                    :
DELTA AIR LINES, INC.,              :
                                    :
                    Defendant.      :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs David Cohen ("Cohen") and Sylvia K. Johann ("Johann") (together, the "Plaintiffs") brought this action against defendant Delta Air Lines Inc. ("Delta"), alleging willful misconduct under the Convention for the Unification of Certain Rules for International Carriage (the "Montreal Convention" or the "Convention") due to a missed flight and resulting lost vacation day in Buenos Aires, Argentina. In their Complaint, Plaintiffs state that as a result of Delta's alleged willful misconduct, they lost a night at a hotel for which they had already paid, suffered great stress and anguish because they ran to catch their flight, and experienced discomfort due to cold weather.

Delta now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56") and for judgment on the pleadings pursuant to

Subsection (c) of Rule 12 of the Federal Rules of Civil Procedure. Plaintiffs move for partial summary judgment pursuant to Rule 56 on the issue of liability, claiming that Delta did not take all measures that could reasonably be required to avoid their delay, as mandated by the Montreal Convention. For the reasons set forth below, Delta's motions for summary judgment and judgment on the pleadings are GRANTED and Plaintiffs' motion for partial summary judgment is DENIED.

## I.   BACKGROUND[1]

On January 1, 2008, Plaintiffs departed for a trip to South America. To get there, they booked a flight from New York City to Atlanta (the "Atlanta Flight") with a connection from Atlanta to Buenos Aires (the "Buenos Aires Flight"). However, an air traffic control ("ATC") mandate delayed the Atlanta Flight for one hour and twenty minutes. Delta flights cannot take off if there is an ATC mandate because to do so would violate federal law and compromise safety. On that day, wintry storm conditions in the Northeast and surrounding areas caused

---

[1] The factual summary below is derived from the following documents and any exhibits and declarations attached thereto: Plaintiffs' Statement under Local Rule 56.1 of the Local Rules for the Southern District of New York (Plaintiffs' "Rule 56.1 Statement"), dated September 29, 2010 ("Pl.'s 56.1"); and Delta's Rule 56.1 Statement, dated September 3, 2010. The Court will make no further citations to these sources unless otherwise specified.

hundreds of late arrivals and departures as well as gate changes. Upon landing, the Delta gate crew arrived late to service the flight because it had been occupied servicing other late flights. As a result of these delays, Plaintiffs missed the Buenos Aires Flight, having arrived at the gate before the plane pushed off but after it had ceased boarding passengers.

Plaintiffs then walked to the Delta counter where they requested to be put on the next Delta flight to Santiago, Chile (the "Santiago Flight"), set to depart approximately forty-five minutes after the Buenos Aires Flight, so that they could then fly from Santiago to Buenos Aires. Delta does not fly between Santiago and Buenos Aires. The Delta service representative did not schedule this flight because to do so Delta would have needed to arrange for Plaintiffs to travel from Santiago to Buenos Aires aboard another carrier. This booking would have been possible only if a carrier had available seats and a ticketing agreement with Delta, and only if sufficient time remained for the representative to conduct all other administrative actions required for the change. Twenty to twenty-five minutes remained between the time of Plaintiffs' request and when the Santiago Flight shut its doors. Plaintiffs have not produced

sufficient evidence to refute Delta's contention that all of the necessary arrangements could be completed within the time available.[2] After booking Plaintiffs at no charge on the Delta flight to Buenos Aires departing the next day, Delta provided Plaintiffs with hotel accommodations, meal vouchers, and transportation to and from the hotel.

## II. DISCUSSION

### A. LEGAL STANDARD

Subsection (d) of Rule 12 of the Federal Rules of Civil Procedure provides that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Fed. R. Civ. P. 12(d). Additionally, "[a]ll parties must be given a reasonable opportunity to present all the

---

[2] In its Rule 56.1 Statement, Delta states that the representative was required to transfer the tickets, ensure that the passengers terminated their travel with Delta and accepted all responsibility for the rest of the trip, compute fair bases and fee calculation lines, conduct endorsement changes, ensure compliance with customs and immigration rules, complete paperwork, re-calculate international taxes, and secure that passengers' baggage could transfer as well. The Delta representative stated that there was insufficient time to complete all of these requirements and get Plaintiffs to the Santiago flight on time. Additionally, Delta stated that it has had problems with other carriers not taking care of its passengers in the past. Plaintiffs contest the requirements for ticket transfer in their Rule 56.1 Statement, saying that they are "based on supposition, and not particular facts," but do not provide an alternate reason that Delta did not transfer the tickets. (Pl.'s 56.1, ¶ 21). Plaintiffs additionally contest Delta's estimate of when the aircraft doors shut for the Santiago Flight, but do not provide an alternate time. (Id. at ¶ 17).

4

material that is pertinent to the motion." Id. Because Delta relies on deposition testimony and other evidence not referenced in the original pleadings, and because Plaintiffs have received appropriate notice of this evidence, the Court will construe Delta's two motions as a single motion for summary judgment. See Krijn v. Pogue Simon Real Estate Co., 896 F.2d 687, 689 (2d Cir. 1990).

Subsection (c)(2) of Rule 56 of the Federal Rules of Civil Procedure provides that to succeed on a motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A "genuine issue" of "material fact" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of demonstrating that no genuine issue of material fact exists or that, because of the paucity of evidence presented by the non-movant, no rational jury could find in favor of the non-moving party. See Gallo v. Prudential Residential Services, L.P., 22 F.3d 1219, 1223 (2d Cir. 1994). Thus, the Court must "resolve all ambiguities, and credit all factual inferences that could

rationally be drawn, in favor of the party opposing summary judgment." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008).

The Montreal Convention applies to "all international carriage of persons, baggage, or cargo." S. Treaty Doc. No. 106-45, 1999 WL 33292734 (May 29, 1999), art. 1. Article 22 of the Convention defines willful misconduct as "damage [resulting] from an act or omission of the carrier ... done with intent to cause damage or recklessly and with knowledge that damage would probably result." Id. at art. 22. Article 19 provides the exclusive remedy for damages in instances of delay. See Sassouni v. Olympic Airways, 769 F. Supp. 537, 539 (S.D.N.Y. 1991). Article 19 of the Convention provides that an air carrier "is liable for damage occasioned by the delay in the carriage by air of passengers, baggage, or cargo." Montreal Convention, 1999 WL 33292734, at art. 19; see Kamanou-Goune v. Swiss Int'l Airlines, No. 08 Civ. 7153, 2009 WL 874600, at *4 (S.D.N.Y. Mar. 27, 2009) ("Article 19 [of the Montreal Convention] ... governs claims arising from delay in international air transportation."). However, a carrier escapes liability if it shows that it "took all measures that could reasonably be required to avoid the damage," or "that it

6

was impossible for [it] to take such measures." Montreal Convention, 1999 WL 33292734, at art. 19.

B. APPLICATION

Here, the Court finds no genuine issue of material fact. Plaintiffs do not "set forth any facts that go to an essential element of the claim," and so the Court may grant Delta's motion as long as Delta is entitled to judgment as a matter of law. See Obuzor v. Sabena Belgian World Airlines, No. 98 Civ. 0224, 1999 WL 223162, at *1 (S.D.N.Y. Apr. 16, 1999). Plaintiffs contest Delta's explanation for the delays, but they do not, as they are required to do, create more than just "metaphysical doubt as to the material facts." Matsushita Elec. Indust. Company v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Plaintiffs point to no evidence in the record from which a trier of fact could reasonably infer that Delta willfully caused their delay, or that Delta did not take all measures that could reasonably be necessary to avoid the delay, as prescribed by the Montreal Convention.

The Court is persuaded that no reasonable juror could find that it was possible for Delta to take off in the face of a contrary ATC mandate, or that it was unreasonable for Delta to dispatch its gate crews in the

7

order the flights arrived, rather than, presumably at Plaintiffs' behest, to prioritize the Atlanta Flight over all other flights that had landed earlier. Further, no trier of fact could reasonably find that Delta was required to delay the departure of the Buenos Aires Flight so that Plaintiffs would not miss it, even if doing so would have unfairly delayed those passengers on the Buenos Aires Flight who had arrived in Atlanta on time. Lastly, no reasonable juror could find that it was unreasonable for Delta not to rebook Plaintiffs on the Santiago Flight, considering the extensive requirements for doing so and the limited remaining time. Thus, the Court concludes that no trier of fact could reasonably find that Delta intentionally or recklessly or with knowledge failed to take all reasonably required measures under the circumstances, and thus that Delta engaged in willful misconduct.

## ORDER

Accordingly, it is hereby

**ORDERED** that the motions (Docket No. 7) for summary judgment and judgment on the pleadings of Defendant Delta Air Lines, Inc. are GRANTED; and it is further

**ORDERED** that the motion (Docket No. 8) for partial summary judgment of plaintiffs David Cohen and Sylvia Johann is DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**

Dated: New York, New York
       8 November 2010

                                    VICTOR MARRERO
                                       U.S.D.J.